ON REHEARING EX MERO MOTU
PER CURIAM.
This Court’s opinion of November 10, 1988, is withdrawn and the following is substituted therefor.
The underlying lawsuit out of which these petitions for writ of mandamus arise was filed in Jefferson County, Alabama, in 1985. All of the parties to that lawsuit agree that venue was proper in Jefferson County at the time the suit was filed.
In March 1988, the people of the State of Alabama approved an amendment to the constitution of this State, to provide, in pertinent part, that “any foreign corporation ... may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.” (Amendment No. 473.) One of the defendants is a foreign corporation.
The defendants filed a motion to transfer the case to Cullman County, contending that the newly adopted amendment to the constitution mandated transfer to that county. The trial court denied the motion. The defendants then filed this petition for writ of mandamus.
The sole issue presented is: Does Amendment No. 473, upon its approval by the voters and the Governor’s proclamation of ratification, require transfer of a case then pending from a county wherein venue was proper prior to the approval and proclamation of ratification? We hold that it does not, and we deny the petition.
We are not persuaded by the argument advanced by the petitioners that the constitutional amendment is merely remedial and thus must be applied to pending litigation. This lawsuit, and, we can safely assume, hundreds more — if not thousands more— were filed where venue was proper at the time of filing. These cases would have been in various stages of preparation for trial at the time the venue rule was changed by constitutional amendment. The amendment makes no reference to pending litigation. Because of its silence in this regard, we are compelled to construe it. It would be less disruptive of the orderly disposition of pending litigation to hold that all cases filed on or after April 1, 1988 (the date of the Governor’s proclamation; see Act 87-164, Ala. Acts 1987, and Proclamation Register No. 6, p. 39; City of Bessemer v. Birmingham Elec. Co., 252 Ala. 171, 40 So.2d 193 (1949)), are controlled by Amendment No. 473, and that all cases filed before that date are controlled by the law in effect at the time of filing. We so hold.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED ON REHEARING EX MERO MOTU; WRIT DENIED.
MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.